

**NUMBER 13-12-00640-CV**

# COURT OF APPEALS

# THIRTEEN DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN THE INTEREST OF J.M.F., A CHILD

---

**On appeal from the 377th District Court
of Victoria County, Texas.**

---

## MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Longoria
Memorandum Opinion by Justice Benavides**

By two issues, appellants Joe Angel Sanchez and Mary Louise Sanchez argue the trial court erred in holding: (1) that the Sanchezes lacked standing to adopt J.M.F. under section 102.005(4) of the Texas Family Code; and (2) that section 102.006(c) was not applicable to their circumstances. We reverse and remand.

### I. BACKGROUND

Ada S. and Shain F. were the biological parents of A.F., S.F., and K.F. In 2011, a Victoria County trial court terminated Ada and Shain's parental rights of the three

children and allowed Ada's brother, Joe Angel Sanchez, and his wife, Mary Louise, to adopt them.

Later that year, on November 29, 2011, the Department of Family and Protective Services filed a petition to terminate the parental rights to Ada and Shain's youngest child, two-year-old J.M.F. The trial court granted this petition on January 23, 2012. The Sanchezes subsequently filed an original petition to adopt J.M.F. on April 11, 2012. In their petition, the Sanchezes informed the court that they were the "maternal uncle and aunt of the child" and "the adoptive parents of [J.M.F.'s] siblings and have had substantial contact with [J.M.F.]." The attorney and guardian ad litem of J.M.F. filed special exceptions to the Sanchezes' petition, arguing that they had no standing to file suit and requested that their petition be dismissed.[1] The trial court agreed and, in a letter dated April 10, 2012 to the attorneys, explained his reasoning for dismissing the petition:

> Joe Angel Sanchez and Mary Louise Sanchez have not alleged any grounds for standing to file an "original suit" under Family Code § 102.002, § 102.003, or § 102.004, nor a suit for modification under Family Code § 156.002. Therefore, Joe Angel Sanchez and Mary Louise Sanchez do not have standing to file a SAPCR requesting managing conservatorship or possessory conservatorship.
>
> § 102.006(a) limits standing if one would otherwise have standing under the previous sections cited, but the (b) and (c) subsections are exceptions only to the limitation. One must have standing under § 102.002, § 102.003, or § 102.004, before addressing the limitation and the exception to the limitation.
>
> § 102.006(a) also limits standing if one would otherwise have standing under § 102.005. Joe Angel Sanchez and Mary Louise Sanchez . . . have alleged that they are the aunt and uncle of the child and are the adoptive parents of the child's siblings.

---

[1] Based on the record, it appears that J.M.F.'s foster parents also filed a petition to adopt him.

An adult who has adopted . . . a sibling of a child [§ 102.005(4)] may not file an "original suit" requesting adoption only (termination not applicable since parental rights already terminated by order signed 1/23/2012) unless prohibited by § 102.006. § 102.006(a)(3) prohibits an "original suit" being filed by a relative of a former parent whose parent-child relationship has been terminated unless:

(b)(1) that person has a continuing right to possession or access to the child under an existing court order (not alleged in pleadings);

(b)(2) that person has the consent of the managing conservator (not alleged in pleadings that the "department" who is managing conservator has consented); or

(c) if that person files an "original or modification" suit requesting managing conservatorship [less than] 90 days from the termination date (Court finds the 1/23/2012 date the order was signed is the termination date) in a suit filed by the department.

Concerning the (c) exception to the limitation, since Joe Angel Sanchez and Mary Louise Sanchez do not have standing to file a SAPCR requesting managing conservatorship or possessory conservatorship as set forth in paragraphs 2 and 3 on page 1 of this letter, the (c) exception is inapplicable. Therefore, Joe Angel Sanchez and Mary Louise Sanchez also do not have standing to file an "original suit" requesting adoption only."*

* Note – if Joe Angel Sanchez and Mary Louise Sanchez had standing to file an adoption only, it would have had to be filed in a new cause rather than in this cause [§ 102.013(b)].

During various hearings held during the pendency of this case, Joe Angel testified that he, his wife, and their adopted children had "frequent," almost "daily," interaction with J.M.F. until December 2010. J.M.F. would spend the night at Joe Angel's home with his siblings A.F., S.F., and K.F. The parents and children would take trips to their grandmother's house, to McDonald's, to grocery stores, and to the mall. J.M.F. and his siblings also attended the same daycare. Joe Angel's wife, Mary Louise, provided similar testimony regarding her family's frequent interaction with J.M.F.

3

The Sanchezes filed a "First Amended Original Petition for Adoption of a Child" on August 27, 2012. The trial court this time dismissed their petition with prejudice, again stating that they did not have standing. This appeal followed.

## II. STANDARD OF REVIEW

"In an original suit affecting the parent-child relationship in which the petitioner seeks adoption or managing conservatorship, the question of standing is a threshold issue." *In re A.M.*, 312 S.W.3d 76, 80 (Tex. App.—San Antonio 2010, pet. denied). Whether the Sanchezes have standing under the Texas Family Code must be determined by the Texas Family Code. *See Tex. Dep't of Prot. & Regulatory Servs. v. Sherry*, 46 S.W.3d 857, 861 (Tex. 2001). "When standing has been statutorily conferred, the statute itself serves as the proper framework for a standing analysis." *In re H.G.*, 267 S.W.3d 120, 123 (Tex. App.—San Antonio 2008, pet. denied) (citing *Sherry*, 46 S.W.3d at 861). "The party seeking relief must allege and establish standing within the parameter of the language used in the statute." *Id.* at 124. "The Texas Legislature has provided a comprehensive statutory framework for standing in the context of suits involving the parent-child relationship." *Id.* (citing TEX. FAM. CODE ANN. § 102.003–.006 (West 2008 & West Supp. 2011)).

"Statutory construction is a legal question and is reviewed de novo." *In re A.M.*, 312 S.W.3d at 81 (citing *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 683 (Tex. 2007)). "In construing a statute, our primary objective is to determine the legislature's intent, which, when possible, we discern from the plain meaning of the words chosen." *Id.* (citing *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006)).

### III. DISCUSSION

#### A.     Standing Under Section 102.005(4)

By their first issue, the Sanchezes argue that the trial court erred when it concluded that they did not have standing to file an original suit for adoption under section 102.005(4) of the Texas Family Code.  We agree.

##### 1.  Applicable Law

Section 102.005 of the Texas Family Code addresses standing in termination and adoption cases.  The pertinent statute at issue, section 102.005(4), follows:

> An original suit requesting only an adoption or for termination of the parent-child relationship joined with a petition for adoption may be filed by:
>
> (4) an adult who has adopted, or is the foster parent of and has petitioned to adopt, a sibling of the child; . . . .

TEX. FAM. CODE ANN. § 102.005(4) (West Supp. 2011).

##### 2.  Analysis

Here, the Sanchezes filed an original suit requesting an adoption on April 11, 2012.  *See id.*  It is uncontested that the Sanchezes previously adopted J.M.F.'s older three siblings, A.F., S.F., and K.F.  *See id.*  The Sanchezes, as the parties seeking relief, meet the "parameter[s] of the language used in" section 102.005(4).  *In re H.G.*, 267 S.W.3d at 124.  We sustain their first issue.

#### B.     The Section 102.006(c) Exception to Standing

Even if standing is established, section 102.006 can limit standing in cases where the parent-child relationship has been terminated, such as in J.M.F.'s case.  *See* TEX. FAM. CODE ANN. § 102.006; *see also In re M.G.*, No. 13-09-00305-CV, 2010 WL 2776566, at *2 (Tex. App.—Corpus Christi July 15, 2010, no pet.) (mem. op.).   By their

5

second issue, the Sanchezes aver that the trial court erred in concluding that section 102.006 limited their standing to adopt J.M.F. Specifically, the Sanchezes contend that the trial court erred when it concluded that the exception enumerated in section 102.006(c) did not apply to them.

## 1. Applicable Law

Section 102.006 generally provides that relatives of terminated parents do not have standing to file an original suit concerning the child. TEX. FAM. CODE ANN. § 102.006(a)(3) (providing that "a family member . . . by blood . . . of either a former parent whose parent-child relationship has been terminated" does not have standing to file an original adoption petition). However, section (c) provides an exception to this limitation:

> The limitations on filing suit imposed by this section do not apply to an adult sibling of the child, a grandparent of the child, an aunt who is a sister of a parent of the child, or an uncle who is a brother of a parent of the child if the adult sibling, grandparent, aunt, or uncle files an original suit or a suit for modification requesting managing conservatorship of the child not later than the 90th day after the date the parent-child relationship between the child and the parent is terminated in a suit filed by the Department of Family and Protective Services requesting the termination of the parent-child relationship.

*Id.* § 102.006(c).

## 2. Analysis

Joe Angel Sanchez was Ada S.'s brother and J.M.F.'s natural uncle. Therefore, he would be ineligible to bring suit under 102.006(a)(3) because he was a "family member . . . by blood . . . of either a former parent whose parent-child relationship has been terminated." *Id.* § 102.006(a)(3). However, Joe Angel asserted that he timely brought his original suit under the subsection (c) and, thus, did have standing. The

court terminated trial court terminated Ada S. and Shain F.'s parental rights to J.M.F. on January 23, 2012 and the Sanchezes filed their original petition for adoption on April 11, 2012. Joe Angel filed his suit 79 days after the termination was granted and, therefore, well within the 90-day deadline set forth by subsection (c).

The trial held, however, that the subsection (c) exception was inapplicable to the Sanchezes because they did "not have standing to file a SAPCR requesting managing conservatorship or possessory conservatorship," presumably under section 102.003. *See* TEX. FAM. CODE ANN. § 102.003 (listing persons who generally have standing to file suit in SAPCRs). The Sanchezes, though, did not file a SAPCR requesting managing conservatorship or possessory conservatorship under section 102.003. *See id.* Instead, they filed an original petition for adoption under section 102.005. *See id.* § 102.005. Section 102.006(c) is drafted disjunctively—persons can either file "an original suit" *or* "a suit for modification requesting managing conservatorship." *See In re A.M.*, 312 S.W.3d at 81–82 (holding that although aunt met the standing criteria of section 102.005 to file an original suit to adopt, she did not meet the section 102.006(c) exception because she filed her lawsuit six months after termination). Here, Joe Angel and Mary Louise timely filed "an original suit" for adoption on April 11, 2012 after the trial court terminated J.M.F.'s parents' parental rights.[2]

Accordingly, we hold that the Sanchezes fit "within the parameters" of the exception established by section 102.006(c) because Joe Angel was a natural uncle of J.M.F. who filed an original petition within 90 days of the date J.M.F.'s parents' parental

---

[2] As noted earlier in the opinion, the Sanchezes also filed a "First Amended Original Petition for Adoption of a Child" on August 27, 2012.

rights were terminated.  *See in re H.G.*, 267 S.W.3d at 124.  We sustain the Sanchezes'

second issue.

## IV. CONCLUSION

Having sustained Joe Angel and Mary Louise Sanchez's issues on appeal, we

reverse the trial court's judgment and remand the case to the court for proceedings

consistent with this opinion.

_____
GINA BENAVIDES,
Justice

Delivered and filed the
26th day of September, 2013.